ROBBINS GELLER RUDMAN
  & DOWD LLP
BENNY C. GOODMAN III (211302)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
bennyg@rgrdlaw.com

Local Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM BISHOP, Derivatively on Behalf of HF FOODS GROUP, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>ZHOU MIN NI, et al.,<br><br>    Defendants,<br><br>– and –<br><br>HF FOODS GROUP INC.,<br><br>    Nominal Defendant. | In re HFFG Derivative Cases<br><br>Case No. 2:20-cv-10657-ODW-JPR<br>Case No. 2:20-cv-05300-ODW-JPR<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE AND FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>DATE: February 8, 2021<br>TIME:   1:30 p.m.<br>COURTROOM: 5D<br><br>Assigned to The Honorable Otis D. Wright II |

4833-7925-7814.v1

In support of his Motion to Consolidate and for Appointment as Lead Plaintiff and Approval of Selection of Counsel, Plaintiff Jim Bishop submits this memorandum of law, respectfully showing the Court as follows:

## I. INTRODUCTION

There are two shareholder derivative actions currently pending in this Court brought on behalf of nominal defendant HF Foods Group Inc. ("HFFG" or the "Company") against an identical set of the company's officers and directors – (1) *Bishop v. Zhou Min Ni, et al.*, Case No. 2:20-cv-10657-ODW-JPR and (2) *Mendoza v. Zhou Min Ni, et al.*, Case No. 2:20-cv-05300-ODW-JPR (collectively, the "Related Actions"). HFFG, formerly known as Atlantic Acquisition Corp. ("Atlantic"), is a leading food service distributor to Asian restaurants, particularly Chinese restaurants, and other food service customers across the United States.

The plaintiffs in the Related Actions seek to remedy the defendants' violations of federal and state laws that have caused and continue to cause substantial monetary and other damages to HFFG, including damages to its reputation and goodwill. Specifically, the plaintiffs assert claims for breach of fiduciary duty, unjust enrichment and waste of corporate assets, and a claim under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act").[1] Both Related Actions arise from a common nucleus of operative facts, and they involve largely overlapping questions of law.

## II. ARGUMENT

### A. The Derivate Actions Should be Consolidated

Rule 42(a) provides that when actions "involve a common question of law or fact," the Court may "join for hearing or trial any or all matters at issue in the actions"; "consolidate the actions"; and "issue any other orders to avoid unnecessary

---

[1] The plaintiff in *Mendoza* also asserts claims for gross mismanagement and abuse of control, and claims under Section 10(b) and 20(a) of the Exchange Act.

- 1 -

4833-7925-7814.v1

1  cost or delay." Fed. R. Civ. P. 42(a). The power to consolidate related actions falls
2  within the inherent authority of every court "to control the disposition of the causes on
3  its docket with economy of time and effort for itself, for counsel, and for litigants."
4  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Inv'rs Research Co. v. U.S. Dist.*
5  *Court for Cent. Dist. of California*, 877 F.2d 777 (9th Cir. 1989) ("The district court
6  has broad discretion under this rule to consolidate cases pending in the same
7  district."). The consent of the parties is not required for consolidation[2] and "typically,
8  consolidation is favored." *Ho Keung Tse v. Apple, Inc.*, No. C 12-02653 SBA, 2013
9  WL 451639, at *3 (N.D. Cal. Feb. 5, 2013) (citing *In re Oreck Corp. Halo Vacuum &*
10 *Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012)).

11       The Related Actions presently pending before this Court are both shareholder
12 derivative actions, each alleging similar claims against an identical set of defendants.
13 *See generally* Declaration of Peter M. Jones in Support of Motion to Consolidate and
14 for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Jones
15 Decl."), Exs. A-B. Both of these actions arise from a common nucleus of operative
16 facts and involves largely overlapping questions of law. *Id*. Specifically, the Related
17 Actions each allege in part that the Company's directors and senior officers breached
18 their fiduciary duties by, among other things, causing the Company to engage in
19 numerous related party transactions (both disclosed and undisclosed) that resulted in
20 the concealed enrichment of Company insiders and affiliates; personally making
21 and/or causing the Company to make a series of materially false and misleading
22 statements about HFFG's business, operations, and compliance; failing to correct or
23 causing the Company to fail to correct these false and misleading statements and
24 omissions of material fact; failing to maintain adequate internal controls within the
25 Company; and causing the Company to repurchase its own stock at prices that were
26 artificially inflated due to the foregoing misrepresentations. *See generally id*. The

---

27 [2]   *See Am. Photocopy Equip. Co. v. Fair Inc.*, 35 F.R.D. 236 (1963) (consolidation of two
28 actions on a motion by one defendant despite objections of the plaintiff and other defendant).

- 2 -

virtually identical questions of law and fact that predominate the Related Actions support consolidation for all purposes under Rule 42(a). *See Dusky v. Bellasaire Investments*, No. SACV07-874DOC, 2007 WL 4403985, at *2 (C.D. Cal. Dec. 4, 2007) ("The Court need only find one issue of fact or law in common in order to permit consolidation.").

Consolidation of substantially identical shareholder derivative actions can help alleviate "needless duplication of time, effort and expense on the part of the parties and the Court." *Millman ex rel. Friedman's, Inc. v. Brinkley*, No. 1:03-CV-0058-WSD, 2004 WL 2284505, at *2 (N.D. Ga. Oct. 1, 2004); *see also Nally on behalf of 3D Sys. Corp. v. Reichental*, No. 0:15-CV-03756-MGL, 2017 WL 1135122, at *2 (D.S.C. Mar. 27, 2017) ("Consolidation of similar shareholder derivative actions can be particularly beneficial to courts and parties by expediting pretrial proceedings, avoiding needless duplication, and minimizing expenditure of time, effort, and money."); *Heed on Behalf of Universal Health Servs., Inc. v. Miller*, No. CV 17-2187, 2018 WL 1532955, at *2 (E.D. Pa. Mar. 29, 2018), *amended sub nom. In re Universal Health Servs., Inc., Derivative Litig.*, No. CV 17-2187, 2019 WL 3046041 (E.D. Pa. Feb. 22, 2019) (the "interests of all parties and the court are best served by the efficiency, consistency, and economy achieved" by consolidation of four shareholder derivative actions).

Because the interests of all parties and the Court system are best served by the efficiency, consistency and economy achieved through the requested consolidation, proposed lead plaintiff Bishop respectfully submits that the Related Actions, as well as any subsequently filed similar actions, should be consolidated under Rule 42(a).[3]

---

[3] "[W]hen consolidation is appropriate, the Court has the discretion to order the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder derivative suits." *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005) (ordering consolidation of all related derivative actions).

- 3 -

4833-7925-7814.v1

### B. Bishop Should be Appointed Lead Plaintiff and His Selection of Counsel Approved

Shareholder derivative actions differ from most lawsuits in that the plaintiff brings suit against the defendants for the benefit of an injured corporation. Importantly, shareholder derivative actions are not class actions, and thus the provisions of the Private Securities Litigation Reform Act ("PSLRA") relevant to the appointment of a lead plaintiff in "private class actions" do not apply. PSLRA, 15 U.S.C. 78u-4(a)(1) ("The provisions of this subsection shall apply in each private action arising under this chapter that is brought as a plaintiff class action"); *In re Conseco Ins. Securities Litig*, 120 F. Supp. 2d 279, 734 (S.D. Ind. 2000).

While the appointment of a lead plaintiff in a shareholder derivative action such as this is not governed by the PSLRA, courts have recognized that some of the statutorily-required factors for determining a lead plaintiff in a class action subject to the PSLRA are relevant to a court's determination as to a lead plaintiff in a shareholder derivative action. *Id.* at 734. Here, Bishop is represented by eminently qualified counsel, has demonstrated a willingness to litigate this action, and has avoided the potential conflicts suffered by the plaintiff in Mendoza and his counsel.

#### 1. Bishop is Represented by Eminently Qualified Counsel

In selecting lead counsel, the Court should determine who will "best serve the interest of the plaintiffs" with respect to "experience and prior success record, the number, size, and extent of involvement of represented litigations, the advanced stage of the proceedings in a particular suit, and the nature of the causes of action alleged." *KBC Asset Mgmt. NV v. McNamara*, 78 F. Supp. 3d 599, 607 (D. Del. 2015) (citations omitted); *In re Del Monte Foods Co. S'holders Litig.*, No. 6027-VCL, 2010 Del. Ch. LEXIS 255, at *27 (Del. Ch. Dec. 31, 2010) ("the most important factor when appointing lead counsel is the degree to which the attorneys will provide effective representation").

- 4 -

Bishop's selection of counsel would provide the plaintiffs here with a seasoned litigation team consisting of attorneys, investigators and forensic accountants who have repeatedly demonstrated their willingness to undertake the painstaking process of unraveling corporate corruption and who will devote substantial resources to the prosecution of this action on behalf of HFFG. Prospective Lead Counsel Herman Jones LLP and prospective Derivative Counsel Robbins Geller Rudman and Dowd LLP, a national law firm with approximately 200 lawyers, both possess extensive experience litigating complex shareholder actions. *See* Jones Decl., Ex. C and D. Herman has been appointed lead counsel and provided substantial work on several landmark derivative cases, including *In re Home Depot, Inc. Derivative Litigation*, No. 1:07-CV-0356-RLV (Sup. Ct. Ga.), *In re Beazer Homes USA, Inc. Derivative Litigation*, No. 1:17-cv-03377-LMM (N.D. Ga.), and *In re Community Health System, Inc. Shareholder Derivative Litigation*, No. 3:11-cv-0489 (M.D. Tenn.). Robbins Geller has also been appointed as lead counsel in several landmark shareholder actions and have successfully prosecuted numerous derivative actions on behalf of injured companies. *See, e.g.*, *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006) (recovered $7.2 billion); *In re Community Health Sys., Inc. S'holder Derivative Litig.*, No. 3:11-cv-00489 (M.D. Tenn. 2017) (recovered $60 million); *City of Westland Police and Fire Ret. Sys. v. Stumpf, et al.*, No. 3:11-cv-02369-SI (N.D. Cal. 2014) (recovered $67 million). John Herman and Peter Jones of Herman Jones LLP were, until July 2019, partners at Robbins Geller. And Byrne & Nixon LLP has extensive experience litigating complex actions in this Court. *See* Jones Decl., Ex. E.

As federal courts have noted, prospective counsel's qualifications are outstanding and the depth of their resources is vast. *See, e.g.*, *Enron*, 529 F. Supp. 2d at 675 (stating that Robbins Geller is "comprised of probably the most prominent securities class action attorneys in the country"). Over the last few years alone, Bishop's prospective counsel, while serving as lead counsel, have secured billions in

recoveries for shareholders in representative actions alleging corporate malfeasance. In addition to obtaining the largest recovery for shareholders in securities litigation history (over $7 billion in recoveries in the *Enron* securities litigation), Robbins Geller won a six-week jury verdict in a billion-dollar securities fraud trial against Household International, Inc., a division of HSBC, one of the largest banks in the world. *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc., et al.*, No. 02-C-5893 (N.D. Ill. 2016). Other notable recoveries include the $925 million awarded to investors in *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-cv-1691-JMR-FLN (D. Minn. 2009). Bishop's prospective counsel can, and will, contribute all necessary resources required for the effective prosecution of this action.

      Bishop's prospective counsel are also particularly well qualified to be lead counsel in shareholder derivative cases, securing substantial monetary recoveries and achieving significant corporate governance enhancements for companies and shareholders. *See, e.g.*, *In re Community Health Sys., Inc. S'holder Derivative Litig.*, No. 3:11-cv-00489 (M.D. Tenn. 2017) (recovered $60 million for company); *In re Lumber Liquidators Holdings, Inc. Sec. Litig.*, No. 4:13-cv-00157-AWA-DEM (E.D. Va. 2016) (recovered $26 million for company, plus substantial governance reforms); *In re Marvell Tech. Grp. Ltd. Derivative Litig.*, No. C-06-03894-RMW(RS) (N.D. Cal. 2009) (recovered $54.9 million for company, plus substantial corporate governance reforms); *In re KLA-Tencor Corp. S'holder Derivative Litig.*, No. C-06-03445-JW (N.D. Cal. 2010) (recovered $42.6 million for company and substantial corporate governance reforms); *In re KB Home S'holder Derivative Litig.*, No. CV-06-05148- FMC(CTx) (C.D. Cal. 2008) (recovered $30 million for company, plus significant corporate governance reforms); *In re Affiliated Comput. Servs. Derivative Litig.*, No 3:06-cv-1110-O (N.D. Tex. 2009) (recovered $30 million for company); *In re comScore, Inc. S'holder Derivative Litig.*, No. 1:16-cv-09855-JGK (S.D.N.Y. 2018) (recovered $10 million for company, plus substantial corporate governance reforms).

Bishop's prospective counsel have also achieved significant victories for shareholder derivative plaintiffs at the federal and state appellate levels. *See, e.g.*, *Rosenbloom v. Pyott*, 765 F.3d 1137 (9th Cir. 2014) (reversing dismissal of derivative suit for failure to plead futility of demand); *Lynch v. Rawls*, 429 F. App'x 641 (9th Cir. 2011) (same); *In re F5 Networks, Inc., Derivative Litig.*, 207 P.3d 433 (Wash. 2009) (unanimous decision holding that Washington is a demand futility state).

In sum, Bishop's prospective counsel have a proven track record of zealously representing their clients and achieving some of the largest derivative recoveries in history, making them uniquely qualified to serve as lead counsel in this litigation. For these reasons, proposed lead plaintiff Bishop respectfully requests that the Court approve his selection of Herman Jones LLP, Robbins Geller, and Byrne & Nixon LLP as Lead Counsel, Derivative Counsel, and Liaison Counsel, respectively, in the proposed consolidated action.

### 2. Bishop Has Demonstrated a Willingness to Litigate This Action

Bishop and his counsel will zealously litigate this action on behalf of the plaintiffs in a consolidated action. While the plaintiff in *Mendoza* rushed to the courthouse, Bishop sent HFFG a demand for inspection of books and records pursuant to Section 220 of the Delaware General Corporation Law. In response to Bishop's demand, counsel for Bishop and counsel for HFFG negotiated an appropriate non-disclosure agreement, and HFFG made a production of company documents. Bishop was then able to review confidential internal company records to support his complaint filed in Delaware.[4] In addition to demonstrating Bishop's willingness to do the work necessary to litigate this action on behalf of the plaintiffs in a consolidated

---

[4] Among other things, Bishop's review of internal company records informed his decision to file his initial complaint in Delaware, as the Company's by-laws state a preference for Delaware as the preferred forum for actions brought on behalf of the Company.

4833-7925-7814.v1

action, Bishop's 220 Demand has also resulted in access to documents and information that are not available to the plaintiff in *Mendoza* or his counsel.

### 3. Bishop Has Avoided the Potential Conflicts Suffered by the Plaintiff in Mendoza and His Counsel

The interests of plaintiffs in securities class actions and derivative actions based on the same facts have been described as a "zero sum" game and, consequently, raise potential conflicts of interest. *See In re Pacific Enterprises Securities Litigation*, 47 F.3d 373, 378 (9th Cir. 1995) (noting concerns about "the potential conflicts created by . . . [the] dual representation of derivative and securities plaintiffs.").

Here, the plaintiff in *Mendoza* and his counsel, The Rosen Law Firm, P.A., suffer from the potential conflict of interest noted by the Ninth Circuit. In addition to the shareholder derivative action referenced herein, both the plaintiff in *Mendoza* and his counsel have also filed a securities class action against HFFG based on the same operative set of facts and that action is currently pending before this Court - *Mendoza v. HF Foods Group Inc, et al.*, Case No. 2:20-cv-02929-ODW-JPR. Proposed lead plaintiff Bishop and his selected counsel have no such potential conflict. Thus, the Court can avoid any potential conflict of interest by granting Bishops request to be appointed Lead Plaintiff and approving his selection of counsel.

## III. CONCLUSION

For the reasons set forth above, proposed Lead Plaintiff Bishop requests that the Court enter the attached Proposed Order, (1) consolidating the derivative actions brought on behalf of HF Foods Group Inc.; (2) appointing Bishop as Lead Plaintiff; and (3) approving Bishop's selection of counsel.

DATED: January 5, 2021          ROBBINS GELLER RUDMAN
                                 & DOWD LLP
                                BENNY C. GOODMAN III

                                s/ Benny C. Goodman III
                                BENNY C. GOODMAN III

- 8 -

4833-7925-7814.v1

| | |
|---|---|
| 1 | |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058 |
| 3 | 619/231-7423 (fax)<br>bennyg@rgrdlaw.com |
| 4 | |
| 5 | Local Counsel |
| 6 | HERMAN JONES LLP<br>JOHN C. HERMAN |
| 7 | 3424 Peachtree Road, N.E., Suite 1650<br>Atlanta, GA 30326 |
| 8 | Telephone: 404/504-6555<br>404/504-6501 (fax)<br>jherman@hermanjones.com |
| 9 | |
| 10 | LAW OFFICES OF TIMOTHY L. MILES<br>TIMOTHY L. MILES |
| 11 | 124 Shiloh Ridge<br>Hendersonville, TN 37075 |
| 12 | Telephone: 855/846-6529<br>tmiles@timmileslaw.com |
| 13 | Attorneys for Plaintiff |
| 14 | |
| 15 | BYRNE & NIXON LLP<br>MARK A. BYRNE |
| 16 | 888 West Sixth Street, Suite 1100<br>Los Angeles, CA 90017 |
| 17 | Telephone: 213/620-8003 |
| 18 | 213/620-8012 (fax)<br>markbyrne@byrnenixon.com |
| 19 | |
| 20 | Attorney for Jim Bishop |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

- 9 -

4833-7925-7814.v1

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 5, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

    s/ Benny C. Goodman III
BENNY C. GOODMAN III

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  bennyg@rgrdlaw.com

4833-7925-7814.v1

# Mailing Information for a Case 2:20-cv-05300-ODW-JPR Jesus Mendoza v. Zhou Min Ni et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Charles W. Cox , II**
  charles.cox@alston.com,nora.fernandez@alston.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`